# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KIMBERLY A. WHEELER,  :  Case No. 3:20-cv-00141
:
     Plaintiff,  :  District Judge Walter H. Rice
:  Magistrate Judge Sharon L. Ovington
vs.  :
:
MIAMI VALLEY CAREER  :
TECHNOLOGY CENTER,  :
:
     Defendant.  :

---

## REPORT AND RECOMMENDATIONS[1]

---

Plaintiff Kimberly A. Wheeler is a teacher at Defendant Miami Valley Career Technology Center.  She asserts in this case that Defendant is her employer.  She claims that Defendant violated her rights under federal and Ohio law by discriminating against her because of her sex and age, and retaliating against her because she filed charges with the U.S. Equal Employment Opportunity Commission.

The case is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #10), Plaintiff's Response and Alternative Request to File an Amended Complaint (Doc. #11), and the record as a whole.  Defendant did not exercise its option to file a reply in support of its Motion to Dismiss.

Defendant argues that dismissal of all Plaintiff's claims is warranted because the Miami Valley Career Technology Center is not an entity capable of being sued and,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

under Ohio law, the only way to bring a suit against a school district is to sue its Board of Education.[2] This argument might well be correct. "Ohio Rev. Code § 3313.17 provides that 'the board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued.'" *McGath v. Hamilton Local School Dist.*, 848 F.Supp.2d 831, 838 (S.D. Ohio 2012).

Plaintiff's counsel seems convinced on this point. He acknowledges that Defendant is a "career technology school … and has a Board of Education. As such, Defendant is certainly entitled to be sued as a Board of Education." (Doc. #11, *PageID* #87). Plaintiff's counsel asks for leave to file the proposed Amended Complaint attached to Plaintiff's Response as Exhibit A. He explains that Exhibit A, "lists the Defendant … as Miami Valley Career Technology Center Board of Education." *Id.*

But Exhibit A does not name Miami Valley Career Technology Board of Education as Defendant; it instead names "Miami Valley CTC Governing Board." *Id.* at 90. This may not have been intentional in light of Plaintiff's prior acknowledgement that "Defendant is certainly entitled to be sued as a Board of Education." (Doc. #11, *PageID* #87). Defendant has not addressed this anomaly.

The rule-bound and pragmatic approach at this point in the case is to grant Plaintiff leave to amend her Complaint because such leave is "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2). It seems, moreover, that no prejudice will

---

[2] Defendant invokes Rule 12(b)(6) but this is a slight procedural misstep. Defendant filed an Answer to Plaintiff's Complaint and, consequently, a Rule 12(c) motion for judgment on the pleadings was the better procedural tool to use. *Kuczak v. City of Trotwood Police Dep't*, No. 3:13cv101, 2016 WL 4987170, at *3 (S.D. Ohio 2016) (Rice, J.).

befall Defendant from allowing Plaintiff to amend her Complaint at this point in the case.

**IT IS THEREFORE RECOMMENDED THAT**:

1.     Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. #10) be denied;

2.     Plaintiff's request for leave to file a First Amended Complaint be granted; and

3.     In the event these recommendations are adopted in full, Plaintiff be ordered to file her First Amended Complaint within 10 days after a Decision and Entry adopting these recommendations is docketed.


September 2, 2020                                  *s/Sharon L. Ovington*
                                                  Sharon L. Ovington
                                                  United States Magistrate Judge

3

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).